# HARRIS BENNETT v. RAINY LAKE RIVER BOOM CORPORATION.[1]

June 30, 1911.

Nos. 17,063—(180).

**Fees of surveyor general.**

The surveyor general's fees for surveying logs running out of a chartered boom, in accordance with section 2571, R. L. 1905, are chargeable to the company operating such boom; the company having the right, in turn, to include such fees in the tolls, costs, and expenses collectible by it.

**Complaint — demurrer.**

A demurrer to the complaint herein was properly overruled.

Action by the surveyor general of the Fifth district of Minnesota in the district court for Beltrami county to recover $2,930.85, fees for surveying and scaling, at the request of defendant, certain logs and lumber within defendant's boom in Rainy Lake river, and for making and recording scale bills during the year 1909. From an order, Stanton, J., overruling defendant's demurrer to the complaint, it appealed. Affirmed.

*Charles Loring* and *Dodge & Tautges,* for appellant.

*Baldwin, Baldwin & Dancer,* for respondent.

SIMPSON, J.

The complaint in this action alleges, in detail, facts briefly stated as follows: The plaintiff was, during the season of 1909, surveyor general of the Fifth district of Minnesota. Pursuant to a request from the defendant, and as required by law, he surveyed and scaled certain logs and other timber, which went down the Rainy Lake river and through the boom and sorting works of the defendant, delivering to the defendant monthly scale bills thereof, all for specified fees fixed by agreement with the defendant and by law. The defendant refused to pay a specified amount of such fees. The defendant is a

1 Reported in 131 N. W. 1059.

corporation organized pursuant to the laws of Minnesota to improve a portion of the Rainy Lake river and maintain booms and sorting works therein to facilitate driving and sorting logs. Prior to 1905 it took possession of and improved such portion of the river, and has since maintained and operated a boom within the Fifth district, collecting therein all the logs and timber coming down the river, and sorting and distributing the same to the respective owners. The defendant interposed a demurrer to the complaint, and appealed from an order overruling its demurrer.

On the appeal the principal point raised and urged by defendant is that the respective rights and duties of plaintiff and defendant in scaling and handling logs and timber and obtaining compensation therefor are fixed by the laws of the state; that, being so fixed, a promise by the defendant to the plaintiff did not change or enlarge the plaintiff's rights and remedies; and that under the law the plaintiff's fees were not chargeable to the defendant boom company, but were chargeable direct to the owners of the logs. The determination of the correctness of this claim involves an examination of the statutes defining such respective rights and duties of a surveyor general and a boom company.

Section 2567, R. L. 1905, makes it the duty of the surveyor general to survey any logs and other timber within his district on request of the owner, and to record scale bills thereof, and, on payment of his fees, to deliver them to the person to whom the scale bill is made, if any; otherwise, to the person requesting the survey.

Section 2571 is as follows: "Each surveyor general shall survey all logs and other timber running out of any chartered boom in his district, and, at the end of each month in which such surveys are made, make, sign and deliver to the owner or manager of such boom a true scale bill, stating the date of survey, the number of logs or pieces surveyed during the month, the marks thereon respectively, and the number of feet of each mark; but he shall first record such scale bill in the proper book of his office, and may request his fees to be paid before such delivery. All boomage fees shall be collected in accordance with such scale bills, which bills, the record thereof,

115 M.—7.

and certified copies of such record, shall be prima facie evidence of the matters therein stated."

Chapter 221, p. 350, Laws 1889, as amended—in respects not material to the point under discussion—by chapter 89, p. 106, Laws 1905 (R. L. Supp. 1909, § 2934–1), provides that a corporation, organized therefor, which has taken possession of a stream and kept in repair and operated its works therein, so as to make driving of logs reasonably practicable, may collect reasonable and uniform tolls on all logs, lumber, and timber driven thereon; that it may take possession of any logs and timber which are hindering the main drive, and any logs and timber which the owner has requested it to drive, and drive the same, and collect from the owner or party controlling such logs and timber "reasonable charges and expenses" for such services; and that the corporation "shall for all such tolls, costs and expenses have a lien on the logs for which same was incurred."

Under these statutes the defendant was authorized, during the season of 1909, to make reasonable charges for tolls, services, and expenses against owners of logs coming down the Rainy Lake river. In order to fix and collect such boomage fees, the scale bills of the surveyor general were required. A survey by the surveyor general was thus made a necessary incident and expense in the carrying on of the defendant's work, and the expense incident thereto was properly chargeable by the defendant against the owners of the logs. Such a survey of logs "running out of any chartered boom" is not made for the owner under the provisions of section 2567. It is made for the boom company in connection with its operations. The scale bills of such survey are furnished to the boom company, and by reasonable and necessary inference the cost is chargeable to the boom company. If payment therefor were requested before delivery of the bills, such requests ordinarily could only be made of the manager of the boom company. The language of the statute applying the requirement of a survey to "all logs and other timber running out of any chartered boom" identifies the logs and timber to be surveyed, and does not fix the time when the survey is to be made. The boom company has an opportunity to hold the logs and enforce its lien for expenses, including the survey fees.

Construing these statutes, then, to carry out the plan and purpose

of the legislature as clearly disclosed therein, we conclude that the survey of logs running out of a chartered boom is required as a necessary incident to the handling of logs by a boom company, that the cost of such survey is chargeable to the boom company and it is responsible to the surveyor general therefor, and that the boom company is authorized to charge such cost in turn to the owners of the logs and enforce payment thereof as a part of the tolls, costs, and expenses due it. In Lindsay & Phelps Co. v. Mullen, 176 U. S. 126, 20 Sup. Ct. 325, 44 L. ed. 400, the court, having under consideration the statutes here involved, stated: "The fees for the surveyor general's services were therefore made chargeable to the boom company, and under its charter it had authority to collect from each log owner all charges and expenses, including therein the fees due the surveyor general. * * * It was not unreasonable on the part of the legislature, when it gave the boom company a lien upon all logs turned into the boom, to require that it should be responsible to the surveyor general for his fees."

The other claimed deficiencies of the complaint do not call for extended discussion. The fact, if it be a fact, that the plaintiff asked for fees higher than the statute allows, does not make the complaint defective. Nor is the plaintiff required to negative payment of his fees by the owners of the logs. Such a payment would be a matter of defense. The demurrer interposed to the complaint was properly overruled.

It appears from the complaint that the major improvements, the boom and the sorting works, of the defendant company, were on the southerly or Minnesota side of the river, and that the plaintiff surveyed the logs here involved while within his district in the state of Minnesota, and while the defendant was handling such logs under authority of the state of Minnesota, given by the statute referred to. By the demurrer the right of the plaintiff to collect fees from the defendant company under these circumstances was challenged. Any possible effect on plaintiff's right that might result, if a different situation were shown to exist as to the location of defendant's improvements and boom and the logs therein, is not here involved, and was not discussed by counsel, and is not determined.

Affirmed.